## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## CASE NO. _____

| | |
|---|---|
| MSPA CLAIMS 1, LLC, a Florida limited liability company, MSP RECOVERY CLAIMS, SERIES LLC, a Delaware entity, SERIES 15-08-16, LLC, a Series of MSP Recovery Claims, Series LLC, a Delaware entity, and MAO-MSO RECOVERY II, LLC, a Delaware entity, | Removed From: Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida |
| Plaintiffs, | Case No.: 2018-013883-CA-01 |
| v. | |
| TAKEDA PHARMACEUTICALS AMERICA, INC., TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA GLOBAL RESEARCH & DEVELOPMENT CENTER, INC., TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICAL INTERNATIONAL, INC., ELI LILLY AND COMPANY, and GARRETSON RESOLUTION GROUP, | |
| Defendants. | |
| _____/ | |

## NOTICE OF REMOVAL

Defendants TAKEDA PHARMACEUTICALS AMERICA, INC., TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA GLOBAL RESEARCH & DEVELOPMENT CENTER, INC., TAKEDA PHARMACEUTICAL COMPANY LIMITED, and TAKEDA PHARMACEUTICAL INTERNATIONAL, INC. (collectively the "Takeda Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1367(a), and by and through their undersigned counsel, hereby remove the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the action is now pending,

to the United States District Court for the Southern District of Florida based on federal questions.[1] The Takeda Defendants appear for the purpose of removal only and for no other purpose and reserve all rights and defenses available to them, including the right to amend or supplement this Notice of Removal. In support of this Notice of Removal, The Takeda Defendants further state as follows:

## INTRODUCTION

1. On April 27, 2018, Plaintiffs filed this putative class action complaint against the Takeda Defendants in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled as *MSPA Claims 1, LLC, et al. v. Takeda Pharmaceuticals America, Inc., et al.*, Case No. 2018-013883-CA-01 (the "Action"). *See* Plaintiffs' Class Action Complaint (the "Complaint"), attached hereto as Exhibit "A."[2] Plaintiffs have not yet served the Complaint on the Takeda Defendants.

2. Plaintiffs allege they are seeking reimbursement on a class-wide basis for payments that Plaintiffs' assignors allegedly made on behalf of Medicare beneficiaries who suffered injuries as a result of taking Actos, a Type II Diabetes drug manufactured by the Takeda Defendants. Compl. at p.2 & ¶¶ 51, 69-70, 73. Plaintiffs allege that the Takeda Defendants are "primary payers" responsible for reimbursement, pursuant to the Medicare Secondary Payer Act (the "MSP Act"), because they entered into a Master Settlement Agreement with Medicare beneficiaries in a

---

[1] Two the plaintiffs in this action, in addition to another plaintiff not named here, have filed a separate, but nearly identical, action against Defendants in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled as *MSPA Claims 1, LLC, et al. v. Takeda Pharmaceuticals America, Inc., et al.*, Case No. 2018-013554-CA-01, and the Takeda Defendants have contemporaneously removed that action to this Court as well.

[2] Other than the Complaint, and its accompanying cover sheet and exhibits (all of which are attached hereto as Exhibit "A"), no other processes, pleadings, or orders have been filed in the Action. *See* 28 U.S.C. § 1446(a).

multi-district litigation involving the drug Actos, styled *In re Actos (Pioglitazone) Prods. Liab. Litig.*, MDL No. 6:11-md-2299 (W.D. La.) ("Actos Litigation"). Compl. at pp.2-3; ¶¶ 76-86. Plaintiffs allege that the Takeda Defendants failed to properly reimburse them from the Actos Litigation settlement funds. Compl. ¶ 81-84. Plaintiffs assert seven identical causes of action against each Defendant, all entitled "Private Cause of Action for Double Damages" under 42 U.S.C. § 1395y(b)(3)(A) of the MSP Act, and one cause of action for breach of fiduciary duty. Compl. ¶¶ 95-168.

3. The Court has original jurisdiction over this Action based on federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(b). Federal questions arise under the MSP Act. 42 U.S.C. § 1395y(b)(3)(A).

## PROCEDURAL COMPLIANCE

4. This Notice of Removal is timely, as Defendants have not been served with the Complaint and Summons. 28 U.S.C. § 1446(b). Copies of the state Action are attached hereto as Exhibit "A." 28 U.S.C. § 1446(a).

5. The venue for this removal is appropriate in the Southern District of Florida, Miami Division, because the Eleventh Judicial Circuit in and for Miami-Dade County Florida is within the Miami Division. 28 U.S.C. § 1441(a).

6. Consent of all Defendants to this removal is not required when defendants have not yet been served. *See White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1299-1300 (N.D. Fla. 2004) (consent of one defendant not required where it was unserved at the time of removal). Here, no Defendant, including Defendants Eli Lilly and Company and Garretson Resolution Group, has been served. Notwithstanding, both consent to this removal by the Takeda Defendants.

7.     As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being served upon Plaintiffs.  A copy of that notice (without exhibits) is attached as Exhibit "B."  The original notice, with exhibits, is being filed contemporaneously with the Clerk of the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  *Id*.

**BASIS FOR REMOVAL**

8.     Pursuant to 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction of all civil actions arising under the laws of the United States.  Whether a claim arises under federal law so as to confer federal question jurisdiction under § 1331 is governed by the well-pleaded complaint rule.  Under that doctrine, "federal jurisdiction exists … when a federal question is presented on the face of the plaintiffs' properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here, Plaintiffs assert seven claims for relief under 42 U.S.C. § 1395y(b)(3) of the MSP Act and one claim for breach of fiduciary duty.  The claims brought pursuant to 42 U.S.C. § 1395y(b)(3) arise out of the laws of the United States and are thus removable.

9.     Furthermore, the existence of a single removable claim allows removal of the entire action.  28 U.S.C. § 1441(c); *see also In re City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996).  The breach of fiduciary duty claim is inextricably intertwined with, and forms part of the same case or controversy as, the federal claims.  Accordingly, this Court has supplemental jurisdiction over the breach of fiduciary duty claim.  28 U.S.C. § 1367(a); *see City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 165 (1997) (district court may exercise supplemental jurisdiction over state law claims that constitute "part of the same case or controversy" as claims arising under federal law); *Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F. Supp. 2d 1282, 1284 (M.D. Fla. Oct. 7, 2008)

(district court had supplemental jurisdiction over state law claims where there was subject-matter jurisdiction over federal claims).

WHEREFORE, the Takeda Defendants respectfully request that the Court consider this Notice of Removal, enter an Order removing the state court Action to this Court, and for any further relief that this Court deems just and proper.

          Respectfully submitted,

          GREENBERG TRAURIG, P.A.
          333 Avenue of the Americas,
          Suite 4400
          Miami, Florida 33131
          Telephone: (305) 579-0500
          Facsimile: (305) 579-0717
          Email:  Gallos@gtlaw.com
          Cobose@gtlaw.com
          Montelh@gtlaw.com
          Abrahamd@gtlaw.com
          FLservice@gtlaw.com

          */s/ Evelyn Cobos*
          SABRINA GALLO
          Florida Bar No. 419273
          EVELYN COBOS
          Florida Bar No. 90310

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2018, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the counsel of record via electronic mail and U.S. first class mail to: Gustavo J. Losa, MSP Recovery Law Firm, 5000 S.W. 75th Avenue, Suite 300, Miami, Florida 33155 [serve@msprecovery.com; glosa@msprecovery.com].

          */s/ Evelyn Cobos*
          EVELYN COBOS